IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| DERRICK RICHARDSON, | ) | |
| | ) | Civil Action |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| W.S. BADCOCK CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FIRST COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Derrick Richardson ("Plaintiff"), by and through undersigned counsel, and files this First Complaint for Damages against Defendant W.S. Badcock Corporation ("Defendant") pursuant to the Family Medical Leave Act ("FMLA") and Americans with Disabilities Act ("ADA"), and shows the Court as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

1

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, GA  30046.

## FACTUAL ALLEGATIONS

6.

Defendant is now, and at all times relevant hereto, has been an employer subject to the FMLA and ADA. Plaintiff suffers from disabilities, of which Defendant had actual knowledge. In particular, Plaintiff has suffered from arthritis and a torn meniscus in his knee resulting impaired function of his knee. Additionally, Defendant "regarded" Plaintiff as disabled.

7.

Plaintiff began his employment with Defendant in 2016 as warehouse worker. At the time Plaintiff was terminated in May 2020, he was a warehouse lead (L1).

8.

In November 2019, Plaintiff took FMLA leave for knee surgery. Plaintiff was released to return to work on March 23, 2020 with lifting restrictions. Defendant advised Plaintiff to return to work when he had no restrictions. Plaintiff returned to work on April 1st with no restrictions.

9.

On May 6th, Plaintiff was instructed by Dustin Downs, day supervisor, to do warehouse work (W1 work), despite all the other warehouse leads doing light duty

and computer/desk work, their usual functions. The heavy lifting and warehouse duties aggravated the knee Plaintiff had surgery on. Plaintiff complained on numerous occasions to Nick Moody, Operations Manager, that the work he was doing as a W1 was causing severe pain in his knee and requested that he able to perform the duties being performed by others in his position. Defendant refused to allow Plaintiff to perform the work the other L1s were performing.

10.

On or about May 13, 2020, after Plaintiff complained again about severe knee pain and was again not allowed to perform the duties being performed by others in his position, Plaintiff inquired as to whether Defendant would reduce Plaintiff's daily work hours. Plaintiff then spoke with Danielle in Defendant's Human Resources Department to find out if he had any FMLA leave because the company would not allow him to perform the work being performed by others in his position.

11.

On May 15, 2020, Danielle called and terminated Plaintiff's employment stating that he did not disclose that he had arthritis when he completed his application for employment. When Plaintiff applied for his position with the company, he did not consider himself as someone with a disability as his health

challenges related to his job did not arise until he suffered a torn meniscus.

12.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination, based on Plaintiff's disability or perceived disability, and/or retaliation for Plaintiff engaging in protected activity under the ADA and FMLA.

13.

At all times relevant to this action, Plaintiff suffered from serious health conditions and disabilities, as those terms have been defined by the FMLA and ADA, of which the employer had knowledge.

14.

Defendant availed himself of FMLA protected rights by taking approved medical leave. Defendant retaliated against Plaintiff for his protected activity by terminating his employment.

15.

In terminating Plaintiff, Defendant retaliated against Plaintiff for his exercise of FMLA rights.

16.

Defendant terminated Plaintiff in retaliation for his exercise of rights protected by the FMLA. In so doing, Defendant violated the FMLA.

17.

Defendant is a private sector employer, with 50 or more employees in 20 or more workweeks in the 2019 and 2020 calendar years, within 75 miles of the location where Plaintiff worked for Defendant.

18.

Plaintiff's sought a reasonable accommodation under the ADA, specifically to be permitted to perform the job duties being performed by the other employees in his position.

19.

Defendant terminated because of Plaintiff's disabilities, percieved disabilities, and/or need for a reasonable accommodation under the ADA.

20.

At all times relevant, Plaintiff has suffered from disabilities, within the meaning of the ADA, of which the employer had knowledge.

# CLAIMS FOR RELIEF

# VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

# COUNT I

# (FMLA RETALIATION)

21.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

22.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

23.

Plaintiff was an eligible employee under the FMLA.

24.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling him to all appropriate relief under the statute.

25.

In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

26.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which he is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

## COUNTS II & III

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

## (ADA DISCRIMINATION AND RETALIATION)

27.

Plaintiff repeats and re-alleges the preceding paragraphs as if set forth fully herein.

28.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

29.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

30.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

31.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

32.

Plaintiff's disabilities and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

33.

At all times relevant, Plaintiff could perform the essential functions of his position with, or without a reasonable accommodation.

34.

Defendant "regarded" Plaintiff as having a "disabilities" under the ADA.

35.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of his disabilities and/or perceived disabilities, and/or need for an accommodation, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

36.

In terminating Plaintiff after he sought a reasonable accommodation, Defendant retaliated against Plaintiff in violation of the ADA.

37.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

38.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h)     All equitable relief available under the ADA and FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i)     All other relief to which she may be entitled.

This 22nd day of October, 2020.

**BARRETT & FARAHANY**

s/V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
severin@justiceatwork.com